**Nikolaus ALBRECHT, Plaintiff–
Appellant,**

v.

**Paul J. DEMUNIZ; et al.,
Defendants–Appellees.**

No. 07–36030.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

Nikolaus Albrecht, Portland, OR, pro se.

Elizabeth K. Bonucci, Oregon Department of Justice Trial Division, Torts Section, Salem, OR, Susan D. Marmaduke, Esq., Harrang Long Gary Radnick, PC, Portland, OR, for Defendant–Appellee.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Nikolaus Albrecht appeals pro se from the district court's judgment dismissing his action challenging his alleged disbarment from the practice of law in Oregon state court, Oregon federal district court, and this court. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under the *Rooker–Feldman* doctrine, *Noel v. Hall,* 341 F.3d 1148, 1154 (9th Cir.2003), and we consider sua sponte Article III standing, *Pritikin v. Dep't of Energy,* 254 F.3d 791, 796 (9th Cir.2001). We affirm in part, vacate in part, and remand.

The district court properly concluded that the *Rooker–Feldman* doctrine barred the claims challenging Albrecht's disbarment by the Oregon Supreme Court because those claims are a "de facto appeal" of a state court decision, and raise constitutional claims that are "inextricably intertwined" with that prior state court decision. *See Noel,* 341 F.3d at 1158;

*Mothershed v. Justices of the Supreme Court,* 410 F.3d 602, 607–08 (9th Cir.2005) (holding that the district court lacked jurisdiction to review state disciplinary proceedings against attorney).

Albrecht lacks standing to sue defendants for his disbarment by federal courts because these individuals cannot provide redress. *See Pritikin,* 254 F.3d at 799–801 (concluding that the redressability requirement of standing was not satisfied where an order directing the defendant to act would not remedy the plaintiff's injury).

Dismissals under the *Rooker–Feldman* doctrine and for lack of standing are dismissals for lack of subject matter jurisdiction, *Fleck & Assocs., Inc. v. City of Phoenix,* 471 F.3d 1100, 1102 (9th Cir.2006); *Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1139 (9th Cir.2004), and thus should be without prejudice, *Kelly v. Fleetwood Enters., Inc.,* 377 F.3d 1034, 1036 (9th Cir. 2004). Accordingly, we vacate the judgment dismissing the action with prejudice, and remand for entry of judgment dismissing the action without prejudice.

Appellant shall bear the costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.